# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:17-cv-01850-APG-CWH |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTIONS TO DISMISS** |
| COUNTRY GARDEN OWNERS ASSOCIATION and SFR INVESTMENTS POOL 1, LLC, | (ECF Nos. 17, 20) |
| Defendants. | |

This is one of many lawsuits arising out of non-judicial foreclosure sales by homeowners associations (HOAs). Plaintiff Bank of America asserts a claim for "quiet title/declaratory judgment" against defendants Country Garden Owners Association (the HOA) and SFR Investments Pool 1, LLC (the current property owner) on the basis that the HOA foreclosure sale did not extinguish its deed of trust. ECF No. 1 at 7-12. Bank of America also asserts damages claims against Country Garden for breach of Nevada Revised Statutes § 116.1113 and wrongful foreclosure.

The defendants move to dismiss Bank of America's claims as time-barred. I agree, so I grant the motions to dismiss.

## I. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations

must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and quotation omitted). A limitations period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

**A. Quiet Title**

Bank of America's "quiet title/declaratory judgment" claim arises under Nevada Revised Statutes § 40.010. Under that section, an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Thus, any person claiming an interest in the property may seek to determine adverse claims, even if that person does not hold title to, or possession of, the property.

The parties dispute, however, which statute of limitations applies when, as here, the person seeking to determine its adverse interest in property has a lien but does not have a claim to title to the property. The parties offer three possibilities: (1) Nevada Revised Statutes § 11.070, which provides a five-year period for quiet title claims; (2) § 11.190(3)(a), which provides a three-year period for "[a]n action upon a liability created by statute;" or (3) § 11.220, which provides a four-year catchall period for claims that are not covered by another provision.

The Supreme Court of Nevada has not addressed which statute of limitations applies in these circumstances. I therefore must predict how that court would decide the question, "using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids." *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).

Under Nevada rules of statutory interpretation, I look first to the statute's plain language. *Clay v. Eighth Jud. Dist. Ct.*, 305 P.3d 898, 902 (Nev. 2013). If the statute's "language is clear and unambiguous," I enforce it "as written." *Id.* (quotation omitted). I "avoid[] statutory interpretation that renders language meaningless or superfluous," and "interpret a rule or statute in harmony with other rules and statutes." *Id.* (quotation omitted).

Nevada Revised Statutes § 11.070 provides the limitation period for quiet title actions. Pursuant to that statute,

> No cause of action or defense to an action, founded upon the title to real property, . . . shall be effectual, unless it appears that the person prosecuting the action or making the defense, or under whose title the action is prosecuted or the defense is made, . . . was seized or possessed of the premises in question within 5 years before the committing of the act in respect to which said action is prosecuted or defense made.

This statute does not apply to Bank of America's claims because Bank of America holds only a lien interest, it has no claim to title to the property, and it seeks only to validate its lien rights. Bank of America's claim thus is not "founded upon the title to real property," nor was Bank of America "seized or possessed of the premises."[1]

Section 11.190(3)(a) also does not apply. That section provides a three-year period for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." Bank of America's claim is not an action upon liability created by statute. Instead, Bank of America seeks

---

[1] I have previously concluded that this statute applies to claims brought by lienholders in similar circumstances. *See Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *3-4 (D. Nev. Mar. 31, 2016). However, upon closer inspection of the statutory language and the basis for Bank of America's claims in this case, I conclude this statutory section does not apply here.

a declaration under § 40.010 that its lien was not extinguished by the HOA foreclosure sale. Section 40.010 does not create liability, and a party cannot impose liability upon another through that statute. Rather, the statute allows for a proceeding to determine adverse claims to property. And Bank of America does not seek to impose liability in its quiet title/declaratory relief claim. Its question is whether its lien still encumbers the property, not who is personally liable for the underlying debt.

Consequently, I conclude that the catchall four-year limitation period in § 11.220 applies.[2] The foreclosure sale took place on September 5, 2012, and the trustee's deed upon sale was recorded on February 14, 2013. ECF No. 1 at 6. The complaint was filed more than four years later, on July 6, 2017. Bank of America's quiet title/declaratory relief claim is therefore untimely.

Bank of America argues that its declaratory judgment claim cannot be time-barred because enforcement of its deed of trust is not time-barred and it is seeking a declaration regarding the validity of that deed of trust. However, Bank of America's quiet title/declaratory relief claim does not seek to enforce the deed of trust. Rather, it seeks to determine whether its lien was extinguished. Additionally, Bank of America cites no authority for the proposition that despite knowing about a foreclosure that calls into question its interest in the property, the statute of limitations did not start running for it to pursue a declaration that its interest was not extinguished by that foreclosure.

Finally, Bank of America contends that it did not know it was injured until the Supreme Court of Nevada issued its ruling in *SFR Investments Pool 1, LLC v U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) (en banc). But simply reading the statute that grants HOAs a superpriority lien would have put the bank on notice of the possibility that its deed of trust was in jeopardy. Indeed, its own allegations show the *SFR* decision was not unanticipated because Bank of America attempted to pay off the superpriority amount in March 2010. *See* ECF No. 1 at 6. Further, *SFR*

---

[2] Bank of America has not suggested any other characterizations of its claim or offered any alternative statutes of limitation that might apply.

"did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception." *K&P Homes v. Christiana Tr.*, 398 P.3d 292, 295 (Nev. 2017) (en banc). Consequently, I dismiss Bank of America's quiet title/declaratory relief claim as time-barred.

**B. Section 116.1113 and Wrongful Foreclosure**

A wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (en banc). Because Country Garden's authority to foreclose arises from Chapter 116, Bank of America's claim essentially is for damages based on liability created by a statute. This claim is therefore time-barred under Nevada Revised Statutes § 11.190(3)(a) because it was not brought within three years. *Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *5. Similarly, because the claim for damages under § 116.1113 is based on the alleged breach of a statutory duty, it also must be brought within three years under § 11.190(3)(a), and is time-barred. *Id.*

Bank of America contends that its damages claims are not ripe because no court has declared its deed of trust extinguished so it has not yet suffered any damages. This argument is belied by the fact that Bank of America brings those damages claims now even though its deed of trust has not been declared extinguished. *See U.S. Bank Nat'l Ass'n v. Woodland Vill.*, No. 3:16-cv-00501-RCJ-WGC, 2016 WL 7116016, at *3 (D. Nev. Dec. 6, 2016) (rejecting a similar argument). Because Bank of America's interest in the property was called into question at the time of the foreclosure sale due to the HOA's superpriority lien, Bank of America knew as of the foreclosure sale that either its deed of trust was not extinguished so it was not damaged, or its deed of trust was extinguished so it was damaged. No later than when the trustee's deed upon sale was recorded, Bank of America knew the content of the HOA's notices, knew that Country Garden had rejected its tender, and knew the property had been sold at a foreclosure sale for $6,737.80.[3] Thus, based on the complaint's allegations, Bank of America had the facts

---

[3] The trustee's deed was recorded February 14, 2013. ECF No. 1 at 6. Even if Bank of America did not discover the allegedly inadequate price until then, its claims are still untimely.

supporting its contention that the HOA foreclosure sale was improperly conducted as of the date of the foreclosure sale. *See Nationstar Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n*, No. 2:15-cv-01287-RCJ-NJK, 2017 WL 2587926, at *2 (D. Nev. June 14, 2017) (holding the plaintiff's predecessor-in-interest "could have asserted claims for violation of NRS 116.113 and wrongful foreclosure as soon as it obtained facts to support a contention that the HOA's sale of the Property was improper"). Bank of America does not identify any other fact that it discovered after the HOA foreclosure sale that would extend the limitation period. I therefore grant the motion to dismiss the claims for wrongful foreclosure and breach of § 116.1113 as time-barred.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant SFR Investments Pool 1, LLC's motion to dismiss **(ECF No. 17) is GRANTED**.

IT IS FURTHER ORDERED that defendant Country Garden Owners' Association's motion to dismiss **(ECF No. 20) is GRANTED**.

IT IS FURTHER ORDERED that the clerk of court is directed to enter judgment in favor of SFR Investments Pool 1, LLC and Country Garden Owners' Association and against plaintiff Bank of America, N.A. and to close this case.

DATED this 14th day of March, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE